**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE SAGI** | : | |
| **4303 Fayette Drive** | : | |
| **Bristol, PA 19007** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Civil Action No.: 2:19-cv-05224-GAM** |
| | : | |
| **J AND G SPAS, LLC d/b/a** | : | |
| **HAND & STONE MASSAGE AND** | : | |
| **FACIAL SPA** | : | |
| **2500 Grant Avenue** | : | |
| **Philadelphia, PA 19114** | : | |
| | : | |
| **2033 Walnut Street** | : | |
| **Philadelphia, PA 19103** | : | |
|     **Defendant.** | : | |

## AMENDED COMPLAINT

Plaintiff, Joyce Sagi (hereinafter "Plaintiff"), by and through her attorney, Koller Law,

LLC, bring this civil matter against J and G Spas, LLC d/b/a Hand & Stone Massage and Facial

Spa (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act

("ADEA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania

Human Relations Act ("PHRA") and wrongful discharge.  In support thereof, Plaintiff avers as

follows:

## THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, J and G Spas, LLC d/b/a Hand & Stone Massage and Facial Spa is a company that operates and runs Hand & Stone Massage and Facial Spas with a location at 2500 Grant Avenue, Philadelphia, PA 19114 and with a corporate headquarters located at 2033 Walnut Street, Philadelphia, PA 19103

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

2

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted his administrative remedies under the ADEA, the ADA and the PHRA.

10. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination against Defendant.

11. The Complaint was assigned a Charge Number 530-2019-02288 and was dual filed with the Pennsylvania Human Relations Commission.

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 7, 2019.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. Plaintiff was born on May 1, 1960.

18. In September 2017, Defendant hired Plaintiff in the position of Assistant Manager.

19. Plaintiff was well qualified for her position and performed well.

20. In or around the end of 2017, Plaintiff had a surgery to repair her torn rotator cuff in her left shoulder.

21. The surgery was performed by Dr. Mark D. Lazarus, Orthopedic Surgeon, at the Rothman Institute.

22. Plaintiff returned to work at Defendant shortly afterwards.

23. On April 15, 2018, Plaintiff instructed Sarai Knox (18-19 years old), Spa Associate, to clean the bathroom as it was part of her job duties.

24. However, Ms. Knox responded by telling Plaintiff, "Go fuck yourself," and refused to perform Plaintiff's instructions.

25. Plaintiff wrote Ms. Knox up for insubordination and notified Corin Barlow, Director of Operations, of the situation.

26. The following day, there was a meeting regarding Ms. Knox's clear insubordination, but Ms. Barlow refused to enforce the discipline.

27. Later that evening, Chantal Hardy (20's), Massage Therapist, rammed her shoulder into Plaintiff's left shoulder which was still recovering from her surgery, as they walked past each other in the hallway.

28. That same day, Plaintiff notified Ms. Barlow of Mr. Hardy's flagrant and intentional contact with Plaintiff, and how it aggravated her injury.

29. However, Ms. Barlow refused to discipline Ms. Hardy, despite admitting to her conduct.

4

30. Previously, Ms. Barlow refused to discipline Ms. Hardy after she had aggressively thrown a clipboard on Plaintiff's desk while Plaintiff was seated there.

31. On April 17, 2018, Plaintiff spoke to Ms. Barlow about the incident with Ms. Hardy and requested to file an injury report due to the aggravation to her injury that she suffered as a result.

32. Ms. Barlow suggested to Plaintiff that she not file an injury report regarding the situation.

33. However, Plaintiff filed an injury report as per Defendant's policies and procedures that same day.

34. On April 18, 2018, Plaintiff attended her scheduled appointment at the Rothman Institute to clear her from physical therapy that she underwent as a result of her previous rotator cuff surgery.

35. However, it was determined that the incident with Ms. Hardy had injured Plaintiff's left shoulder and required eight (8) weeks of physical therapy. Plaintiff was also scheduled for an MRI on her left shoulder.

36. On April 19, 2018, Ms. Barlow called Plaintiff and informed her that she was terminated, stating "it is best to part ways."

37. Later that day, Ms. Barlow emailed Plaintiff confirming her termination from Defendant.

38. Throughout Plaintiff's employment, younger employees received preferential treatment, including, but not limited to, Donna Survillo (30's), Megan Thompson (20's) and Bellkys Diaz (20's), Assistant Managers.

39. On May 7, 2018, Plaintiff had the MRI conducted which revealed that Plaintiff had a tear of the intra-articular biceps tendon in her left shoulder.

40. It is Plaintiff's position that she was discriminated against due to her age and disability and for initiating a worker's compensation claim, and that such actions/inactions violate the ADEA, the ADA and the at-will employment doctrine.

## COUNT I - AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff was born on May 1, 1960.

43. Plaintiff was qualified to perform the job for which she was hired.

44. Plaintiff suffered adverse job actions, including, but not limited to termination.

45. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

47. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

48. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff was born on May 1, 1960.

51. Plaintiff was qualified to perform the job for which she was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

55. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

56. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

59. Plaintiff was qualified to perform the job.

60. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

61. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

62. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

63. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

64. The purported reason for Defendant's decision is pretextual.

65. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

66. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages

as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff is a "qualified individual with a disability" as that term is defined under the

PHRA because Plaintiff has, or had at all time relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by

Plaintiff and its agents as being disabled.

69. Plaintiff was qualified to perform the job.

70. Plaintiff was subject to an adverse employment action, including, but not limited to,

termination.

71. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

72. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

73. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

8

74. The purported reason for Defendant's decision is pretextual.

75. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

76. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff engaged in activity protected by ADEA.

79. Plaintiff complained of age discrimination to her supervisor.

80. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

81. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff engaged in activity protected by the PHRA when she complained of discrimination to Defendant.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

85. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – WRONGFUL TERMINATION

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff was an at-will employee with Defendant.

88. Although Pennsylvania adheres to the at-will employment doctrine, an employee may bring a cause of action for termination "where the termination implicates a clear mandate of public policy." *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009).

89. Pennsylvania recognizes that discharging an employee in retaliation for filing a workers' compensation claim is a violation of public policy. *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1998).

90. Defendant terminated Plaintiff in retaliation for her workplace injury and attempting to file a worker's compensation claim.

91. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joyce Sagi, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, the PHRA and the at-will employment doctrine.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

11

nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 25, 2019        **By:**

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*